923 F.2d 870
 17 U.S.P.Q.2d 1974
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Edgar N. JAYNES and James J. Leskowicz.
 No. 90-1201.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1990.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Edgar N. Jaynes and James J. Leskowicz (Jaynes) appeal from a decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences (board), Appeal No. 89-1558 (August 24, 1989), affirming the examiner's rejections under 35 U.S.C. Sec. 103 (1982 & Supp. IV 1986) of claims 1 through 19 of Jaynes' patent application, Serial Number 905,592. We affirm.
 
 OPINION
 
 2
 We agree with the board that the combination of British Patent No. 1,444,334 (Johnson) with British Patent No. 2,166,150 (Lasota) establishes the prima facie obviousness of claims 1 through 11. Moreover, the board's comment that claims 1 through 11 could have been rejected for obviousness based on Johnson alone is not unwarranted because Johnson teaches post-foaming gel compositions which contain essentially the same components as those claimed by Jaynes.
 
 
 3
 Johnson's teaching includes the use of "the class of alkanolamides," preferring dialkanol amides of fatty acids, which are said to "permit the preparation of a clear, sparkling, esthetically pleasing product." Lasota teaches that using fatty acid alkanolamides in post-foaming gels "improve[s] the clarity and stability of the gel." Lasota specifically suggests using lauric isopropanolamide, a compound which falls within the scope of Jaynes' claims. The combination of Johnson and Lasota would have either expressly or implicitly suggested "the possibility of achieving [Jaynes'] further improvement by combining such teachings along the line of the invention in suit." See In re Sernaker, 702 F.2d 989, 994, 217 USPQ 1, 5 (Fed.Cir.1983).
 
 
 4
 Lasota was properly combined with Johnson. Johnson and Lasota are specifically drawn to post-foaming gel compositions primarily used for shaving. As such, the hypothetical person of ordinary skill in the art of post-foaming gels is presumed to be familiar with them. Although the Lasota reference does not employ a single component as a gelling agent, one skilled in the art of formulating a post-foaming gel would look to Lasota to achieve improved gel stability.
 
 
 5
 We also agree with the board that the information submitted during prosecution was not sufficient to rebut the prima facie case. The information in the specification was deficient as it was not commensurate in scope with the claims. See In re Kulling, 897 F.2d 1147, 1149, 14 USPQ2d 1056, 1058 (Fed.Cir.1990). The claims are drawn to a large number of dialkanolamides of fatty acids having 10 through 22 carbon atoms in their chain. The showing in the specification includes only a small number of the claimed compositions.
 
 
 6
 Additionally, Jaynes provides no evidence that the differences between the claimed compositions and the prior art compositions would not have been expected by one skilled in the art at the time of the invention. See In re Freeman, 474 F.2d 1318, 1324, 177 USPQ 139, 143 (CCPA 1973); In re D'Ancicco, 439 F.2d 1244, 1247, 169 USPQ 303, 306 (CCPA 1971).
 
 
 7
 We agree with the board that the side-by-side comparisons in Jaynes' declaration are not significant because of the addition of the acid. It is clear from Lasota that an acid is not required to accompany the fatty acid alkanolamide in order to "improve the clarity and stability of the gel." The acid component is an optional additive intended to disrupt the composition's gel structure and reduce its viscosity. Johnson does not mention the addition of an acid. Jaynes' argument that Lasota's fatty acid alkanolamides improve gel clarity and stability only when employed in conjunction with an acid has not been supported.
 
 
 8
 Because of the addition of the acid to Johnson, the declaration is insufficient as it fails to compare the invention with the closest prior art. See In re De Blauwe, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed.Cir.1984) ("[A]n applicant relying on comparative tests to rebut a prima facie case of obviousness must compare his claimed invention to the closest prior art."); In re Merchant, 575 F.2d 865, 869, 197 USPQ 785, 788 (CCPA 1978).
 
 
 9
 Claim 12 was properly rejected under 35 U.S.C. Sec. 103 as obvious over Johnson in view of Lasota and further in view of U.S. Patent No. 4,035,477 (Schubert). Claim 12 merely substitutes one known gelling agent for another. Schubert employs polyvinyl pyrrolidone as a thickening agent to "maintain the foam in the shape in which it was applied." Schubert teaches that polyvinyl pyrrolidone may be used in foam shaving compositions in combination with certain dialkanolamides as foam stabilizers.
 
 
 10
 Although Schubert is directed to pressurized foaming shave compositions which foam immediately upon being dispensed, it also refers to U.S. Patent No. 3,541,581 (Monson):
 
 
 11
 In addition to making the present pressurized foaming shaves, variations of the basic formulation to produce subsequently foaming gel shaves, as described in U.S. Pat. 3,541,581 [Monson] may also be made.
 
 
 12
 Thus, it is prima facie obvious to replace well-known gelling agents used in prior art post-foaming gel compositions with polyvinyl pyrrolidone.
 
 
 13
 Claims 13 and 14 were properly rejected for obviousness over Johnson in view of Lasota and further in view of U.S. Patent No. 4,576,645 (Ravel). Ravel discloses a gel which shares many of the characteristics of Jaynes' gel composition, and, therefore, was properly combined with Johnson and Lasota.
 
 
 14
 Claims 15 through 19 were properly held to be unpatentable under 35 U.S.C. Sec. 103 on the basis of the board's opinion and its opinion upon reconsideration.
 
 
 15
 We have considered Jaynes' additional arguments but find them to be unpersuasive. Accordingly, the decision of the board is affirmed.